UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN FRALEY, an individual,

    Plaintiff,

v.                               Case No: 2:17-cv-655-FtM-99MRM

CLINIX MEDICAL INFORMATION SERVICES, LLC, a foreign limited liability corporation,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Partial Summary Judgment as to Liability (Doc. #16) filed on February 23, 2018. Defendant filed a Response in Opposition (Doc. #18) on March 9, 2018. For the reasons set forth below, the Motion is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material"

if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

This breach of contract case involves a dispute over which provision of an employment agreement controls the financial compensation and benefits defendant Clinix Medical Information Services, LLC's must pay former employee John Fraley upon his termination of the agreement. (Doc. #2.) It is undisputed that

Fraley terminated the agreement, but the parties dispute which termination provision, and hence which compensation package, is applicable.  Plaintiff moves for partial summary judgment as to liability, arguing there is no dispute defendant breached the contract, but only a dispute as to the amount of damages due to plaintiff under the contract.  Defendant argues there are disputed issues of material fact relating to liability in addition to the calculation of damages.

The material undisputed facts are as follows: Plaintiff and defendant entered an Employment Agreement (the "Agreement") on August 1, 2014 for Fraley to serve as defendant's President.  (Doc. #16-1, ¶3 & Exh. A, Affidavit of John Fraley.)  Paragraph 6.E of the Agreement provides, in relevant part:

> <u>Change of Control</u>. This Agreement may be terminated upon election of either party upon thirty (30) days' written notice made *after* a legally effective Change of Control (as defined herein).  For purposes of this Agreement, "Change of Control" means:
>
> i. the legally concluded acquisition of Employer, or its parent, ECI Healthcare Partners Corp. by any individual, entity or group of beneficial ownership of at least fifty-one percent (51%) or more of the then outstanding membership certificates of Employer (in one transaction or in a series of related transactions); or
>
> ii. a legally consummated reorganization, merger, or consolidation or sale, lease, exchange or other disposition or transfer of all or substantially all of the assets of Employer, or its parent, ECI Healthcare

> Partners, Corp. (in one transaction or in a series of related transactions) to any individual, entity or group.
>
> If this agreement is terminated under this sub-paragraph, Employee shall be entitled to Final Compensation as provided above to and including the effective date of termination, and additional compensation equal to one (1) year of Base Salary ($250,000), payable in equal installments as per paragraph 5.A., subject to the usual and customary tax, unemployment compensation, insurance and other applicable deductions (but not subject to 401(k) or KSPO deduction).

(Doc. #16-1, Exh. A, ¶ 6.E) (emphasis in original).

In June 2016, there was a merger between ECI Healthcare Partners Corp (defendant's parent company) ("ECI") and Schumacher Clinical Partners. (Doc. #16-1, ¶ 6.) From that point forward, plaintiff reported directly to the new owner of Clinix - Shumacher Clinical Partners. (Id., ¶ 12.)

On June 23, 2017 – one year after the merger – plaintiff provided Clinix with thirty days' written notice that he was electing to terminate the Agreement pursuant to Paragraph 6.E, and demanding the compensation and benefits owed thereunder. (Doc. #16-1, ¶ 14 & Exh. B.) Plaintiff took the positions that the merger fell within the definition of "Change of Control" as set forth in Paragraph 6.E of the Agreement, his notice was being given "after" the change of control, and he was entitled to the increased financial compensation provided in Paragraph 6.E.

Defendant acknowledged the written notice, but disagreed with plaintiff's reliance on Paragraph 6.E, stating:

> Section 6.E is reserved for termination of the Employment Agreement in the event of a 'Change of Control' of ClinixMS (as defined in the agreement). If the 'Change of Control' that you are attempting to rely upon is the past Schumacher Clinical Partners and ECI/Clinix merger, that transaction was consummated and closed in June, 2016. Therefore, your June 23, 2017 notice of termination is over one full year after that transaction. We believe that an attempt to invoke that clause more than a year later is contrary to the intent and spirit of Section 6.E and the Employment Agreement.

(Doc. #16-1, Exh. C.) Defendant further stated that it would honor the severance obligations contacted in Paragraph 6.D[1] of the Agreement, but not Paragraph 6.E. (Id.)

Plaintiff rejected that offer (Doc. #16-1, Exh. H), and the parties were unable to come to an agreement through counsel. This lawsuit resulted. Plaintiff alleges that defendant breached the

---

[1] Paragraph 6.D provides:

> <u>By Employee or By Employer Other Than for Cause</u>. Employer or Employee may terminate Employee's employment hereunder other than for cause at any time upon thirty (30) days' written notice. In the event of such a termination, in addition to the payment of Final Compensation, Employee shall be entitled to receive a severance package from Employer consisting of (i) the total of one-hundred twenty (120) days of Base Salary payable in equal installments as per paragraphs 5.A, subject to the usual and customary tax, insurance and other applicable deductions (but not subject to 401(k) and KSOP deductions). However, this severance would not be applicable if the parties execute an agreement for a competitive, comparable offer of employment from another ECI Healthcare Partners, Corp. affiliated organization.

(Doc. #16-1, Exh. A, ¶ 6.D.)

Agreement by refusing to provide plaintiff with the compensation and benefits provided for under Paragraph 6.E.

In support of its Response in Opposition to summary judgment, defendant submitted the Declarations of Randy Howell as Chief Administrative Officer, and Mark Burnheimer, as General Counsel, for ECI. (Docs. ## 18-1, 18-2.) The Declarations state that in the negotiations between plaintiff and defendant leading up to the final version of the Agreement, plaintiff requested that Paragraph 6.E be included to provide him with immediate protection from potential adverse changes to his employment should a change of control occur. (Doc. #18-1, ¶¶ 3, 7; Doc. #18-2, ¶¶ 3, 7.) The Declarations state that at no time did the parties discuss the right to terminate the Agreement under Paragraph 6.E more than a year after a change of control (Id., ¶ 8), and it was defendant's intent that plaintiff exercise the right to terminate the agreement under this paragraph at or immediately near the time of a change in control. (Id., ¶ 9.) The Declarations further state that at the time of entering into the Agreement, defendant never intended, nor would have deemed it reasonable, for plaintiff to have more than a year after a change in control to terminate the Agreement under Paragraph 6.E. (Id.)

Plaintiff provided no response to the Declarations, but relies on the plain language of the Agreement.

**III.**

The contemporaneous oral agreements outlined in the Declarations may or may not be admissible parol evidence. Even without that evidence, however, there are genuine issues of material facts which exist which defeat the ability to resolve liability on a motion for summary judgment.

Under Florida law[2], when a time limit for action is not specified in a contract, "the party charged with the performance of such a contract must act in a reasonable manner and within a reasonable period of time." Tyner v. Woodruff, 206 So. 2d 684, 686 (Fla. 4th DCA 1968) (finding whether a reasonable period of time for performance had expired was a material issue precluding summary judgment). Additionally, every Florida contract has an implied covenant of good faith and fair dealing. See QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n, Inc., 94 So.3d 541, 548 (Fla. 2012) ("Florida contract law does recognize an implied covenant of good faith and fair dealing" which is intended to protect the reasonable expectations of the contracting parties in light of their express agreement.). Both reasonableness and good faith are issues for a jury. A genuine issue of material fact as to the parties' obligations under the provision exists, precluding the entry of summary judgment as to liability at this time.

---

[2] The parties agree that Florida law applies under the Agreement.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Partial Summary Judgment as to Liability (Doc. #16) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __23rd__ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record